JURY TRIAL DEMANDED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| SHARYON F. ULBRICH, ) | |
| ) | |
| Plaintiff, ) | Cause No. |
| ) | 4-_____ |
| vs. ) | |
| ) | **JURY TRIAL** |
| ) | **DEMANDED** |
| BELL ELECTRICAL ) | |
| CONTRACTORS, INC., d/b/a BELL ) | |
| ELECTRICAL CONTRACTORS, ) | |
| ) | |
| Serve: ) | |
| ) | |
| CT Corporation System ) | |
| Registered Agent ) | |
| 120 South Central Avenue ) | |
| ) | |
| and ) | |
| ) | |
| MDU RESOURCES GROUP, INC., ) | |
| ) | |
| Serve: ) | |
| ) | |
| CT Corporation System ) | |
| Registered Agent ) | |
| 314 E. Thayer Avenue ) | |
| Bismark, ND  58502 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**
(& Demand For Jury Trial)

Comes now Plaintiff Sharyon F. Ulbrich (hereinafter "Ulbrich"), by and through her undersigned counsel, and complains as follows.

JURY TRIAL DEMANDED

## JURISDICTION & VENUE

1. This action arises under the Age Discrimination in Employment Act, 29 U.S.C., §§ 621 et seq., and other federal statutes and law. It involves primarily a single count of unlawful age discrimination in employment, in violation of 29 U.S.C., § 623, alleged by a single plaintiff against a pair of closely related corporate defendants. The Court thus has jurisdiction over the subject matter of the action under 28 U.S.C., § 1331.

2. All causes of action alleged in this complaint arose in St. Louis County. Most, if not all, of the acts and omissions underlying this complaint occurred in St. Louis County. One of the two defendants, the corporation that employed and terminated the plaintiff, now conducts business in the County and conducted business in the County at all times pertinent to this complaint. Thus, venue lies in this Eastern Division of the Eastern District of Missouri. E.D.Mo. L.R. 3-2.07 (A) (1) & (B) (2).

3. This complaint also substantially realleges its single federal unlawful age discrimination count as a single count of age discrimination cognizable under the Missouri Human Rights Act, R.S.Mo. § 213.010 et seq. This Court has pendent jurisdiction of that state claim under 28 U.S.C., § 1367 (a).

## PRIOR ADMINISTRATIVE PROCEEDINGS

4. Attached as Exhibits 1 & 2 are the state and federal complaints that Ulbrich dual-filed with the federal Equal Employment Opportunity Commission (hereinafter "EEOC") and the Missouri Commission on Human Rights (hereinafter "MCHR") on June 17, 2008.

5. Attached as Exhibit 3 is the Right to Sue letter that issued for the single administrative complaint from the MCHR on or about November 5, 2008.

6. Attached as Exhibit 4 is the Right to Sue letter that issued for the single administrative complaint from the EEOC on or about December 2, 2008.

## PARTIES

7. Ulbrich resides at 2625 Plantation Point in St. Charles, St. Charles County, Missouri, within the Eastern Division of the Eastern District. At all times pertinent to this action, she resided at that same address. At all times pertinent to this action through her termination by the defendant on February 27, 2008, she was employed by the defendant Bell Electrical Contractors, Inc., at its offices in St. Louis County.

8. Defendant Bell Electrical Contractors, Inc. (hereinafter "Bell"), is, and at all times pertinent to this action was, a Missouri business corporation conducting business as Bell Electrical Contractors in St. Louis County with a principal place of business at 128 Millwell Drive in Maryland Heights.

9. Defendant MDU Resources Group, Inc. (hereinafter "MDU"), is a Delaware corporation not registered to do business in Missouri. Nonetheless, MDU has conducted business in Missouri at all times pertinent to this action and continues to conduct business in Missouri without being registered.

## COUNT I
*(unlawful age discrimination in discharging plaintiff on February 27, 2008)*

10. Ulbrich went to work for Bell as a marketer on or about April 8, 1991.

11. Ulbrich was born on January 30, 1943, and turned 65 on January 30, 2008.

12. Ulbrich remained employed at Bell for over sixteen years through February 27, 2008, working in marketing over that entire period.

13. Ulbrich underwent annual written employee evaluations at Bell. Her written annual employment reviews in June of 2006 and June of 2007 both were good. Neither indicated any reason for her to be concerned for her position at Bell as a marketing coordinator. Copies of the 2006 and 2007 annual reviews are attached to this complaint as Exhibits 5 & 6.

14. After June, 2007, and through the date of her discharge, Ulbrich continued work as a marketing coordinator for Bell at the same level of competency and dedication acknowledged in her 2006 and 2007 annual reviews through the morning of February 27, 2008.

15. On the morning of February 27, 2008, Ulbrich was out on the road on Bell business when she received a phone call, summoning her back to the Bell offices. She returned immediately, met with the president upon her return, and quickly learned that she was discharged from Bell that day.

16. The February 27, 2008, discharge was a complete surprise to Ulbrich. The reason Bell's president gave her for the sudden discharge had to do with a single advertising account and generally poor sales performance; and nobody had given Ulbrich any warning or any indication that her handling of the account was problematic.

17. Ulbrich never was an executive with Bell. At the time of her discharge, her annual salary was $62,114.

18. Ulbrich's discharge was not in accordance with any mandatory employement program. In fact, Ulbrich knows of no such program at Bell applicable to any employees.

19. Ulbrich did not have any retirement benefit rights of which she is aware other than her 401(k) account, and she received no such retirement or termination benefit upon her

discharge. When Bell fired her, they paid her only salary through her discharge date, two days of severance pay, and three weeks of accumulated vacation pay.

20. Bell unlawfully discharged Ulbrich because of her age in violation 29 U.S.C. § 623(a)(1) and in violation of other applicable law.

21. Bell acted willfully in discharging Ulbrich unlawfully; and Ulbrich is entitled to liquidated damages in accordance with the provisions of 29 U.S.C. § 626(b).

22. Ulbrich also is entitled to an award of her attorney's fee and costs in accordance with 29 U.S.C. §§ 626 & 216(b).

23. At all times pertinent to this action, Bell acted either as an agent for, as a partner with, or as a joint venturer with MDU in all its dealings with Ulbrich.

24. Various documents pertaining to Ulbrich's employment at Bell were prepared by MDU on MDU stationery or forms, including but not limited to the 2006 and 2007 annual employee reviews attached to this complaint as Exhibits 5 & 6, indicating plainly that Ulbrich's employment at Bell was for the benefit of both Bell and MDU and substantially controlled by MDU.

25. At least for the last several years of her employment at Bell, Ulbrich understood herself to be working for both Bell and MDU, with MDU being the corporate parent of Bell.

26. Ulbrich's negotiations in this matter prior to the filing of this complaint in this Court were virtually exclusively with MDU rather than with Bell; and, in all the circumstances, it was plain to Ulbrich that it was MDU, not Bell, making all employer decisions in those negotiations.

WHEREFORE, Ulbrich prays for judgment in her favor and against Bell and MDU, jointly and severally, for compensatory and liquidated damages and damages of any kind

recoverable under the Age Discrimination in Employment Act, for any allowable pre-judgment interest, for her attorney's fees and costs, and for such additional relief as this Court deems appropriate.

### COUNT II – MISSOURI HUMAN RIGHTS ACT
*(unlawful age discrimination in discharging plaintiff on February 27, 2008)*

27. The facts alleged herein in Count I make out a violation of the unlawful employment practices provisions of R.S.Mo. § 213.055.1(1)(a).

28. Ulbrich requested a Right to Sue letter from the MHRC and received a letter from the MHRC dated November 5, 2008.

29. R.S.Mo. § 213.111 affords Ulbrich a cause of action for this violation and entitles her to compensatory damages, punitive damages, and an award of her attorney fees and costs.

WHEREFORE, Ulbrich prays for judgment in her favor and against Bell and MDU, jointly and severally, for compensatory and punitive damages, for any allowable pre-judgment interest, for her attorney's fees and costs, and for such additional relief as this Court deems appropriate.

The Schindler Law Firm, P.C.

_____
Joshua M. Schinder, #37891
141 N. Meramec Avenue, Suite 201
St. Louis, MO 63105
(314) 862-1411
(314) 862-1701 Fax
josh@schindlerlawfirm.com
Attorney for Sharyon F. Ulbrich

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sharyon F. Ulbrich

**DEFENDANTS**
Bell Electrical Contractors, Inc., d/b/a Bell Electrical Contractors, MDU Resources Group, Inc.

(b) County of Residence of First Listed Plaintiff: **St. Charles County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **St. Louis County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joshua M. Scindler, The Schindler Law Firm, 141 North Meramec, Suite 201, Clayton, MO 63105

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sect. 2000 e-2; 2000 e-3; 2000 e-5
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 12/7/08
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Sharyon F. Ulbrich

                  plaintiff,    )
                                    )
                  v.              )   Case No.
Bell Electrical Contractors, Inc.,
d/b/a Bell Electrical Cont., et al
                defendant.   )

## ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

____THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____

AND ASSIGNED TO THE HONORABLE JUDGE_____.

✓ NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT,

PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE

OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 12/7/08

_____
Signature of Filing Party

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# Eastern Division

| | |
|---|---|
| SHARYON ULBRICH, | ) |
| Plaintiff, | ) Cause No. |
| | ) 4-_____ |
| vs. | ) |
| | ) **JURY TRIAL** |
| | ) **DEMANDED** |
| BELL ELECTRICAL CONTRACTORS, INC., d/b/a BELL ELECTRICAL CONTRACTORS, MDU RESOURCES GROUP, INC. | ) |
| Defendants. | ) |

## NOTICE OF INTENT TO USE PROCESS SERVER

COMES NOW, Plaintiffs Sharyon Ulbrich, by and through her attorney, Joshua M. Schindler, of the Schindler Law Firm, and hereby notifies the court of the intent to use the following process server:

Michael Barbieri
PDI Investigations, Inc.
211 South Central Avenue, Suite 101
Clayton, MO 63105

to serve Defendant Bell Electrical Contractors, Inc., d/b/a Bell Electrical Contractors; and,

Burleigh County Sheriff's Department
Civil Division
Box 1416
Bismarck, ND 58502-1416

to serve Defendant MDU Resources Group, Inc.

The process server listed above possesses the requirements as stated in Rule 4 of the Federal Rules of Civil Procedure. The undersigned affirms the information provided is true and correct.

Respectfully submitted,

Dated: 12/9/08

Joshua M. Schindler, #22593
The Schindler Law Firm, P.C.
141 N. Meramec, Suite 201
St. Louis, MO 63105
(314)862-1411 – Telephone
(314)862-1701 - Facsimile

***Attorneys for Plaintiff Sharyon Ulbrich***

# United States District Court

EASTERN DISTRICT OF MISSOURI

SHARYON F. ULBRICH,

    Plaintiff,

              V.

BELL ELECTRICAL CONTRACTORS, INC., d/b/a BELL ELECTRICAL CONTRACTORS and MDU RESOURCES GROUP, INC.,

    Defendants.

## SUMMONS IN A CIVIL CASE

CASE NUMBER:

TO: (Name and address of defendant)
CT Corporation System, Registered Agent
Bell Electrical Contractors, Inc., d/b/a Bell Electrical Contractors
120 South Central Avenue
Clayton, MO   63105

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joshua M. Schindler, Esq.
141 North Meramec, Suite 201
Clayton, MO   63105

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by met | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other *(specify):*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                       Date                                Signature of Server

                                                      _____
                                                      Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

EASTERN DISTRICT OF MISSOURI

SHARYON F. ULBRICH,

    Plaintiff,

              V.

BELL ELECTRICAL CONTRACTORS, INC., d/b/a BELL ELECTRICAL CONTRACTORS and MDU RESOURCES GROUP, INC.,

    Defendants.

SUMMONS IN A CIVIL CASE

CASE NUMBER:

TO: (Name and address of defendant)

CT Corporation System, Registered Agent
MDU Resources Group, Inc.
314 E. Thayer Avenue
Bismark, ND   58502

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joshua M. Schindler, Esq.
141 North Meramec, Suite 201
Clayton, MO   63105

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by met | DATE |
| NAME OF SERVER (PRINT) | TITLE |
| Check one box below to indicate appropriate method of service | |

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
　　　　　　　　　　Date　　　　　　　　　　　Signature of Server

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.